UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC

| | |
|---|---|
| Deborah Nicholette Sheridan,<br><br>                Plaintiff,<br><br>vs.<br><br>Special Agent Rachel Reidell,<br>Bureau of Immigration and Customs Enforcement;<br>Angie Ward;<br>P.J. Goss;<br>Linda NLN, Manager, Employees and Owners<br>of Main Stay Suites (Choice Hotels);<br>and<br>Linda Lantz,<br><br>                Defendant(s). | ) C/A No. 2:06-1987-PMD-RSC<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

      Plaintiff, who is proceeding *pro se*, has filed this matter against a Bureau of Immigration and Customs Agent, Rachel Reidell (Reidell), employees/owners of the Main Stay Suites in Mt. Pleasant, South Carolina, and Linda Lantz (Lantz), who shared a cell with the plaintiff at the Charleston County Detention Center (CCDC).

      Plaintiff, who is still detained at the Charleston County Detention Center, entered a plea of *nolo contendere* in the United States District Court for the District of South Carolina for violating 18 U.S.C. § 1029 (Fraud and related activity in connection with access device). She has filed this civil suit to retrieve items that were seized and/or inventoried when she was arrested. Specifically, plaintiff alleges that Reidell searched and inventoried the plaintiff's hotel room, seized certain property, and left plaintiff's remaining personal property unsecured in the room.

      Plaintiff further alleges that Lantz[1] agreed to go to the Main Stay Suites to inquire about the plaintiff's friend, a German national, and to determine the whereabouts of plaintiff's personal

---

[1] Lantz was released from the CCDC one day after she was detained.

property. According to the complaint, Lantz went to the hotel and was given access to plaintiff's room by hotel personnel, allowing Lantz to remove all of the plaintiff's property. Plaintiff alleges that Lantz has admitted to removing the property but has not returned it. Plaintiff claims Agent Reidell was negligent for leaving the property unsecured and is responsible for the theft of the property.

Plaintiff admits that it is unclear what property was seized by Agent Reidell and what property was taken by Lantz. Plaintiff also claims that a computer which was seized by Agent Reidell was sent to plaintiff's son, without packing, and arrived with a "cracked screen". Plaintiff claims the failure of Agent Reidell to properly pack the computer constitutes a reckless disregard for her property.

Plaintiff alleges that her clothing, including designer dresses, suits, pants, business attire, shoes, boots, bags, belts, hats, lingerie, gloves, coats, and jackets, purchased in the United States, Japan, Italy, Singapore, Hong Kong, Norway, Denmark, Ireland, Germany, Austria, England, France, Switzerland, Dubai, United Arab Emirates, Baharain, and Oman valued at $35,000.00, should be returned to her. She also seeks the return of her jewelry and furs, which she alleges are valued at $29,637.00, and her "Rolex ladies oyster perpetual date ... swiss" watch, "rolex card", and a "leather business card holder", which have a total value of $14,965.00. Other items which the plaintiff claims were taken include a "burgundy leather briefcase with light tan suede interior, two black malaysian expandable overseas soft shell suitcases, one red Delsey hardshell overseas size suitcase, one red Delsey carry on suit case, one large gray, vinyl tote bag, one black duffle bag with embroidered strap, one black Swiss made expandable overseas size soft shell suit case valued at $755.00", and "make up, perfume, accessories from all over the world valued at $1,190.00." Miscellaneous items not specifically listed in the complaint are allegedly valued at $285.00. Plaintiff further claims that the laptop was valued at $2500.00. She states that the total loss in personal

property equals $84,332.00. She maintains she is entitled to recover her travel expenses to sixteen different countries over the course of thirteen years, valued at $30,000.00.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340, 60 U.S.L.W. 4346 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, (4th Cir. 1995)(*en banc*), *cert. denied*, Nasim v. Warden, Maryland House of Correction, 516 U.S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, (4th Cir. 1990).

Since plaintiff maintains that Reidell was negligent she is apparently seeking to file a suit under the Federal Tort Claims Act (FTCA). A FTCA claim lies *only* against the United States, and a federal district court lacks subject-matter jurisdiction over claims asserted against federal agencies or individual federal employees. *See* Myers and Myers, Inc. v. United States Postal Service, 527

F.2d 1252, 1256 (2nd Cir. 1975). Hence, Agent Reidell, and the other defendants, would be entitled to summary dismissal.

In addition, even if the plaintiff had named the United States as a party, litigants must strictly comply with the requirements of the FTCA. *See* 28 U.S.C. § 2675; and United States v. Kubrick, 444 U.S. 111, 117-118 (1979). An administrative claim must first be filed with the appropriate federal agency before commencement of a civil action in a federal district court under the Federal Tort Claims Act. Administrative claims under the Federal Tort Claims Act must be filed on a Standard Form 95, which is promulgated by the United States Department of Justice. The complaint contains no indication that the plaintiff has timely submitted a claim on the Standard Form 95.

To the extent this complaint could be construed as one filed under 42 U.S.C. § 1983 or under the Bivens doctrine,[2] the action is barred by Heck v. Humphrey, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

---

[2]In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971), the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A Bivens claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *See* Harlow v. Fitzgerald, 457 U.S. 800, 814-820 & n. 30 (1982). Harlow, which is often cited for the principle of the qualified immunity of state officials for acts within the scope of their employment, was brought against a federal official. In footnote 30 of the opinion in Harlow, the Supreme Court stated that Harlow was applicable to state officials sued under 42 U.S.C. § 1983. In other words, case law involving § 1983 claims is applicable in Bivens actions and *vice versa.* Farmer v. Brennan, 511 U.S. 825, 128 L.Ed.2d 811, 114 S.Ct. 1970, 1994 U.S. LEXIS® 4274 (1994).

Heck v. Humphrey, *supra*. *See also* Schafer v. Moore, 46 F.3d 43 (8th Cir. 1995)("Therefore, in light of *Heck*, the complaint was properly dismissed for failure to state a claim."); and Woods v. Candela, 47 F.3d 545 (2nd Cir. 1995)(*per curiam*)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed), *cert. denied*, Candela v. Woods, 516 U.S. 808 (1995). *See also* Brooks v. City of Winston-Salem, N.C., 85 F.3d 178 (4th Cir. 1996). *Accord* Smith v. Holtz, 879 F. Supp. 435 (M.D.Pa., March 24, 1995); Burnside v. Mathis, 2004 WL 2944092 (D.S.C. 2004).

Heck v. Humphrey is applicable in civil suits against federal officials and entities. *See* Stephenson v. Reno, 28 F.3d 26 (5th Cir., August 8, 1994); Best v. Kelly, 309 U.S.App.D.C. 51, 39 F.3d 328, 330 (D.C.Cir., 1994); Williams v. Hill, 878 F. Supp. 269 (D.D.C. 1995)("Because Plaintiff has not established that the validity of his conviction or sentence has been reversed on direct appeal, expunged by executive order, or impugned by the granting of a § 2255 motion or a writ of habeas corpus under § 2241, his Bivens action challenging his conviction and sentence will be DISMISSED as frivolous under 28 U.S.C. § 1915(d)."), *affirmed*, 316 U.S.App.D.C. 78, 74 F.3d 1339, 1341 (D.C.Cir. 1996); and Zolicoffer v. FBI, 884 F. Supp. 173 (M.D.Pa. 1995). *See also* Parris v. United States, 45 F.3d 383 (10th Cir.)(Heck v. Humphrey applicable to suits brought under the Federal Tort Claims Act), *cert. denied*, 63 U.S.L.W. 3818, 131 L.Ed.2d 871, 115 S. Ct. 1984 (1995); and Williams v. Hill, *supra* (Heck v. Humphrey applicable to civil "RICO" action filed by a federal prisoner against federal prosecutors and other officials).

As for the employees, managers, and/or owners of the hotel where the plaintiff resided prior to her arrest, and the plaintiff's former cell mate, a plaintiff must allege in a Section 1983 action that: (1) the defendant(s) deprived him or her of a federal right, and (2) did so under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). There is no indication that these defendants acted

under color of state law, which is a jurisdictional prerequisite to a § 1983 civil rights action. See Hall v. Quillen, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980), cert. denied, 454 U.S. 1141 (1982).

The United States Court of Appeals for the Fourth Circuit has ruled that private corporations, individuals, or entities, generally, do not act under color of state law. Lugar v. Edmondson Oil Co., 639 F.2d 1058, 1062-1069 (4th Cir. 1981), *affirmed in part and reversed in part* [on other grounds], 457 U.S. 922 (1982). In any event, the *pro se* plaintiff has not made any allegations which would connect the actions of the defendants to the actions of a person or persons acting under color of state law. *See* Stubbs v. Hunter, 806 F. Supp. 81, 82-83 (D.S.C. 1992); Wetherington v. Phillips, 380 F. Supp. 426, 428-429 (E.D.N.C. 1974), *affirmed*, 526 F.2d 591 (4th Cir. 1975)[Table].

Any state law causes of action, such as negligence on the part of the hotel employees, manager, and/or owners, or plaintiff's cellmate, would be cognizable in this court under the diversity statute, Cianbro Corporation v. Jeffcoat and Martin, 804 F. Supp. 784, 788-791(D.S.C. 1992), *affirmed*, Cianbro Corporation v. Jeffcoat and Martin, (4th Cir., November 22, 1993), 10 F.3d 806 [Table], if that statute's requirements are satisfied. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> (1) citizens of different States[.]

28 U.S.C. § 1332. Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See* Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372-374 (1978). This court has no diversity jurisdiction because the plaintiff has not established the residency of the parties and cannot meet the jurisdictional limit *as to each*

*defendant*. By plaintiff's own admission, she does not know which pieces of personal property are in the possession of the Bureau of Immigration and Customs Enforcement, and which pieces were taken by Lantz. Hence, this Court cannot exercise diversity jurisdiction over any of the hotel employees or Lantz. Statutes conferring federal diversity jurisdiction are to be strictly construed. *See* Janzen v. Goos, 302 F.2d 421, 423 (8th Cir. 1962). Furthermore, the plaintiff bears the burden of establishing diversity jurisdiction by competent proof and by a preponderance of the evidence. Id. @ 424-5. The plaintiff is not without a forum: she may file suit against hotel personnel and Lantz in a Court of Common Pleas.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal]. ***The plaintiff's attention is directed to the important notice on the next page.***

*[signature: Robert S. Carr]*
Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
Date 7/31/06

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402