**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| DEBORAH N. SHERIDAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SPECIAL AGENT RACHEL REIDELL, )<br>ET AL., )<br>)<br>Defendants. )<br>                                            ) | C.A. No.: 2:06-1987-PMD-RSC<br><br><br>**ORDER** |

On March 6, 2006, Plaintiff Deborah N. Sheridan ("Sheridan" or "Plaintiff") entered a plea of *nolo contendere* in the United States District Court for the District of South Carolina for violating 18 U.S.C. 1546(a) (Fraud and Misuse of Visas, Permits and Other Documents). Between August 2, 2005 and August 7, 2006, Plaintiff was detained at the Charleston County Detention Center, after which she was moved to the Missoula County Detention Center in Missoula, Montana. On July 11, 2006, she filed a civil suit in federal district court against Special Agent Rachel Reidell ("Reidell") of the Bureau of Immigration and Customs Enforcement ("BICE"), the employees/owners of the Main Stay Suites in Mt. Pleasant, South Carolina ("Hotel Employees"), and Linda Lantz ("Lantz") to retrieve items that were allegedly seized and/or stolen following her arrest.

This matter is before the court upon Plaintiff's objections to the Magistrate Judge's recommendation that her Complaint be dismissed pursuant to 28 U.S.C. 1915A[1] and for lack of

---

[1] 28 U.S.C.A. § 1915A states,

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

1

subject matter jurisdiction. The record contains a report and recommendations of the United States Magistrate Judge ("the R&R"), which was made in accordance with 28 U.S.C. § 636 (b)(1). A party may object, in writing, to a report and recommendation within ten days after being served with a copy of that report. 28 U.S.C. 636 (b)(1). Sheridan has filed timely objections to the R&R.

## BACKGROUND

The facts, as alleged in the Complaint, are as follows:[2]

On March 15, 2005, United States Marshals arrested Plaintiff at her room at the Main Stay Suites located in Mount Pleasant, South Carolina for violations of her supervised release. Several hours later, Defendant Special Agent Reidell of BICE obtained a warrant to search Plaintiff's hotel room. The warrant authorized Reidell to seize any travel documents, identity documents, photographs, travel itineraries, computers and computer disks from the room. Pursuant to this warrant, Reidell seized several altered passports and identification cards from Plaintiff's room, as well as a laptop computer and $529.00 in United States currency. Reidell also cataloged, but did not seize, Plaintiff's valuable possessions in the room, including fine jewelry with various precious

---

**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
**(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
**(2)** seeks monetary relief from a defendant who is immune from such relief.

[2] Plaintiff objects to several sentences in the R&R's statement of the facts. For example, Plaintiff objects to the R&R's statement that she "plead *nolo contendere* to a violation of 18 U.S.C. § 1029 (Fraud and related activity in connection with access devices)," when, in fact, she plead to a violation of 18 U.S.C. § 1546. The court has reviewed Plaintiff's requested additions and amendments to the facts of the R&R, and finds that they have merit. Accordingly, the court incorporates the changes requested by Plaintiff into the background section of this Order.

gems and a "mink short jacket."[3] After cataloging Plaintiff's various valuable belongings allegedly valued at over $80,000.00, Reidell left the hotel room unsecured. Plaintiff alleges that Reidell's negligent failure to secure the property caused the property to be subject to theft. Plaintiff further alleges that the laptop seized by Reidell was "put in a box without a shred of packaging and arrived [at the residence of her son] with a cracked screen." Although Plaintiff admits to signing a "hold harmless" agreement as a precondition to the return of her laptop, she claims that this "reckless, careless disregard" for her property is not excused under that agreement. Accordingly, Plaintiff asserts a claim against Special Agent Reidell for negligence.

Once Plaintiff was in Charleston County Detention Center, she had difficulty contacting her family in Florida. She asked her cell mate, Linda Lantz, to contact Main Stay Suites by telephone to inquire as to the whereabouts of her personal property. However, rather than telephoning the Main Stay Suites, Lantz went to the hotel on or about March 18, 2005 and persuaded the staff on duty to allow her to remove Plaintiff's property from the room. Plaintiff alleges that Lantz now refuses to return her belongings to authorized members of Plaintiff's family. Plaintiff claims that she did not authorize Lantz to remove her property, nor did she give Main Stay Suites permission to release her belongings to Lantz. Accordingly, Plaintiff brings a cause of action against the Hotel Employees for negligence, and against Linda Lantz for the conversion of her personal property.

Plaintiff asserts that she has been deprived of personal property, including designer clothing, jewelry, luggage, accessories, make-up, and a laptop, worth $84,332.00 in total. She seeks the return

---

[3] Plaintiff attaches an inventory list allegedly made by Reidell to her Complaint; however, she asserts that this is not the full list of items inventoried by Reidell. She claims to have also had a Rolex watch and a Rolex business card holder, as well as designer clothes, luggage, and other valuable personal property. She asserts that Reidell created a full inventory of this other personal property, but, despite repeated requests, has refused to provide it to her.

3

of her specific property or, in the alternative, the current replacement value of the property plus reimbursement for the international travel during which she purchased the above property, valued at $30,000.00.

In the R&R, the Magistrate Judge found that Plaintiff failed to state a claim upon which relief may be granted. First, the Magistrate Judge found that because Plaintiff asserts a negligence cause of action against Special Agent Reidell for actions performed in her official duty as a federal agent, Plaintiff is really asserting a claim against the United States. Tort claims against the United States must be brought pursuant to the Federal Tort Claim Act ("FTCA"), 28 U.S.C. § 2674.[4] A claim under the FTCA lies only against the United States itself, as the court has no jurisdiction to hear claims asserted against federal agencies or individual federal employees. (R&R at 3 (citing *Myer and Myers, Inc. v. United States Postal Service*, 527 F.2d 1252, 1256 (2d Cir. 1975).) Hence, the Magistrate Judge found that the cause of action against Agent Reidell was entitled to summary dismissal. The Magistrate Judge further found that even if Plaintiff had asserted a claim against the United States, it would fail. As a prerequisite to suit, the FTCA requires that Plaintiff first file an administrative claim with the appropriate federal agency. 28 U.S.C. § 2675. Such administrative claims must be filed on a Standard Form 95, which is promulgated by the United States Department of Justice. In this case, Plaintiff did not file a Standard Form 95 with BICE, and therefore did not fulfill the prerequisite to filing a civil action against the United States. Accordingly, the Magistrate Judge recommended that, to the extent the Complaint states a tort claim against the United States, it must be dismissed.

---

[4] "The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages." 28 U.S.C.A. § 2674.

Regarding the causes of action asserted against the Hotel Employees and Lantz, the Magistrate Judge recommended that they also be dismissed. This court would have jurisdiction over the state law causes of action for negligence and conversion against private actors only under the diversity statute, 18 U.S.C. § 1332(a), if that statute's requirements are satisfied. The diversity statute requires complete diversity of citizenship between the parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00).[5] The Magistrate Judge noted that Plaintiff "has not established the residency of the parties and cannot meet the jurisdictional limit as to each defendant." (R&R at 6.) Accordingly, the Magistrate Judge found that Plaintiff did not allege facts which would support a finding of diversity jurisdiction and recommended that the causes of action against Lantz and the Hotel Employees be dismissed.

Plaintiff has timely objected to the Magistrate Judge's R&R.[6]

## STANDARD OF REVIEW

### A.     The Magistrate Judge's R&R

This court is charged with conducting a *de novo* review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636 (b)(1). Any written objection must specifically identify the portions of the report and recommendation to which objections are made

---

[5] "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of difference States[.]" 28 U.S.C. § 1332(a).

[6] Plaintiff did not have access to law books or other research materials while at the Charleston County Detention Center or while she was in transit to the Missoula County Detention Center; accordingly, the court does not penalize Plaintiff for not supporting her objections with references to specific case law. The court considers the merits of Plaintiff's claims, and interprets them broadly.

5

and the basis for those objections. *Id.* After a review of the entire record, the R&R, and Plaintiff's objections, the court finds that the Magistrate Judge adequately summarized the facts and applied the correct principles of law. Accordingly, the court adopts and specifically incorporates the R&R to the extent it is consistent with this Order.

### B.    Legal Standard for Dismissal Pursuant to 28 U.S.C. § 1915A

Dismissals under 28 U.S.C. § 1915A for failure to state a claim require the same standard of review as dismissals under Rule 12(b)(6). *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002); *Sanders v. Sheahan*, 198 F.3d 626, 626 (7th Cir. 1999); *Davis v. District of Columbia,* 158 F.3d 1342, 1348 (D.C. Cir. 1998). Under this well-known standard, the court should not dismiss a complaint for failure to state a claim unless "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Slade v. Hampton Roads Regional Jail,* 407 F.3d 243, 248 (4th Cir. 2005); *Edwards v. City of Goldsboro,* 178 F.3d 231, 244 (4th Cir. 1999).

### C.    Legal Standard for Dismissal for Lack of Subject Matter Jurisdiction

Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.,* 147 F.3d 347, 352 (4th Cir. 1998). Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick,* 191 F.3d 394, 399 (4th Cir. 1999), *cert. denied, Pinkley, Inc. v. Servacek,* 528

U.S. 1155 (2000)(citing *Lehigh Mining & Mfg. Co. v. Kelly,* 160 U.S. 337, 327 (1895)). Accordingly, a federal court is required, *sua sponte,* to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking, supra,* 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears. . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

"[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Davis v. Pak,* 856 F.2d 648, 650 (4th Cir. 1988)( *citing McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc.,* 191 F.3d at 399 ( citing 2 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 8.03 (3rd ed. 1997)). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards,* 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.*

## PLAINTIFF'S OBJECTIONS

**(1)     Plaintiff objects to the Magistrate Judge's recommendation that her claim against the United States be dismissed for failure to meet the prerequisites of FTCA.**

Plaintiff does not object to the Magistrate Judge's conclusion that her claim against Agent Reidell is really a claim against the United States which must be brought pursuant to the FTCA. Plaintiff also does not deny that she did not file a Standard Form 95 with BICE before commencing

this suit, as is a prerequisite to bringing a claim under the FTCA. Plaintiff asserts, however, that because she was unable, due to her incarceration, to obtain a Standard Form 95, it would be unjust to dismiss her claim for failing to first pursue an action within the agency. Plaintiff claims that the FTCA Standard Form 95 was not sent to her upon written request to the U.S. District Court Clerk's office, nor was the form provided when she sent a letter to the Department of Homeland Security in Charleston, SC, in 2005 stating she needed to file a claim against a BICE agent for negligence. (Objections at 5.) As such, Plaintiff asserts that she contacted the appropriate federal agency and attempted to pursue this claim directly, but was thwarted by the inaction of the agency. Plaintiff argues that she should not be punished for her inability to fulfill the prerequisites of FTCA, and that her claim against the United States for the negligence of one of its employees should be currently cognizable. (Objections at 4-5.)

The court notes that litigants must strictly comply with the requirements of the FTCA, and the requirement that a claimant file an administrative claim prior to commencing suit is jurisdictional and cannot be waived. *See* 28 U.S.C. § 2675; *Kielwien v. United States*, 540 F.2d 676 (4th Cir. 1976). Failure to file a claim with the proper administrative agency mandates dismissal of the action under the FTCA. *Henderson v. United States*, 785 F.2d 121 (4th Cir. 1986). In reviewing a *pro se* litigant's failure to comply with the procedural requirements of the FTCA, the Supreme Court stated:

> While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed, and have held that some procedural rules must give way because of the unique circumstance of incarceration, we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.

*McNeil v. United States*, 508 U.S. 106, 113 (1993). Indeed, "strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the

law." *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980).

In this case, it is uncontested that Plaintiff did not fulfill the mandatory, jurisdictional requirements prior to filing this suit. Accordingly, the Magistrate Judge did not err in recommending that Plaintiff's claim against the United States be dismissed for lack of jurisdiction. The court notes that the dismissal of this action is without prejudice, such that Plaintiff may file this claim in district court again, if and when the jurisdictional prerequisites have been met.[7]

**(2)     Plaintiff objects to the Magistrate Judge's conclusion that court has no jurisdiction to hear the state law causes of action because she does not allege (A) that the parties are completely diverse or (B) that the amount in controversy as to each Defendant exceeds $75,000.**

In violation of the clear mandate of Rule 8(a), Plaintiff's Complaint contains no short and plain statement of the grounds upon which the court has jurisdiction. Fed. R. Civ. P. 8(a). Nonetheless, because Plaintiff proceeds without the benefit of counsel, the court must liberally construe her Complaint. Accordingly, the court considers whether she has adequately alleged facts upon which diversity jurisdiction may be found. *Pinkley, Inc.*, 191 F.3d at 399.

**(A)     Complete Diversity**

In regards to the tort claims asserted against the Hotel Employees and Linda Lantz, Plaintiff claims that the Complaint alleges facts that proves there is complete diversity between the parties. First, the Complaint gives the South Carolina addresses of the Hotel Employees and Linda Lantz. (Complaint at 1.) The court finds that this adequately alleges that these Defendants are citizens of

---

[7] According to her letter postmarked August 31, 2006, Plaintiff acquired a Federal Tort Claim Standard Form 95 and mailed it to the Bureau of Immigration & Customs Enforcement on August 28, 2006. As such, Plaintiff has begun administrative proceedings within the appropriate federal agency. If such claim is eventually denied, she may pursue her claim in district court at that point. 28 U.S.C. § 2675.

South Carolina. Next, Plaintiff notes that, according to Exhibit 6 of the Complaint, Agent Reidell seized Plaintiff's Florida drivers license. Exhibit 6 is the list of items seized by Agent Reidell from Plaintiff's hotel room pursuant to the March 15, 2005 search warrant. Plaintiff claims that this reference to her "valid Florida Driver's License clearly establishes the plaintiff's residency in a different state than defendants.'" (Objections at 6.)

The court notes that the Exhibit 6 list indicates that, in addition to the Florida driver's license, Agent Reidell also seized an "affidavit by Deborah Sheridan . . . denouncing US citizenship," a "Saudi passport # 003950," and a "birth certificate from Bahrain." These other documents, also seized from Plaintiff's room, do not indicate that Plaintiff considers herself to be a Florida citizen. From this list, it appears that Plaintiff claims to be a citizen of a number of places. As such, the court finds that the significance of the Complaint's reference to Plaintiff's Florida driver's license is undermined by the references to other documents indicating that Plaintiff is not a Florida resident. Further, citizenship for diversity purposes is determined by the party's actual intention that a particular state be her main residence. Charles Alan Wright, *Law of Federal Courts* 146 (5th ed. 1994). There is no assertion or evidence in the Complaint establishing that Plaintiff intends to make Florida her permanent residence. As such, the Complaint does not allege facts from which the court could determine the state of Plaintiff's citizenship. For this reason, the court finds that the Magistrate Judge did not err in finding that Plaintiff failed to allege her own citizenship, as is necessary to prove complete diversity between the parties.

**(B)     $75,000.00 Amount in Controversy**

Plaintiff asserts a claim for the restoration of lost property worth $84,332.00. However, because the Complaint did not allege that each Defendant is liable for this full amount, the

Magistrate Judge found that Plaintiff had not established the jurisdictional amount in controversy as to Defendants Hotel Employees and Lantz. Plaintiff objects to this finding, asserting that "each party is liable and should be held liable for the full amount." (Objections at 8.) In other words, Plaintiff claims that the Defendants are jointly and severally liable, such that each liable party is individually responsible for the entire $84,332.00 claim. Accordingly, she argues that the Magistrate Judge erred in finding that she does not allege that each Defendant meets the jurisdictional amount.

Joint and several liability attaches among defendants only if each of them is individually responsible for the entire obligation. *Black's Law Dictionary* 926 (7th ed. 1999). In the Complaint, Plaintiff asserts that while it "is unclear which property ICE Agent Reidell [] has, and which property she inventoried and left unsecured; [it is] clear that it was initially the defendant ICE agent Reidell's negligent failure to secure the property that caused the unseized property to be subject to theft." (Complaint at 9.) Accordingly, the Complaint clearly alleges that Reidell's negligence caused the entire $84,332.00 loss. According to the facts as alleged, however, Defendants Hotel Employees and Linda Lantz are responsible, if at all, for only some unspecified lesser amount. For example, Lantz did not contribute to the loss of any of the property seized by Reidell, nor could the Hotel Employees be responsible for the damage to Plaintiff's laptop caused by Reidell's negligence. As such, the facts of this case do not support Plaintiff's assertion that Defendants are jointly and severally liable.

Because Defendants Hotel Employees and Lantz are not jointly and severally liable for Plaintiff's entire claimed loss, the court finds that the Complaint must allege that each Defendant is individually liable for some amount exceeding $75,000.00 in order to meet the jurisdictional

amount in controversy requirement. The Complaint does not do this. Accordingly, the Magistrate Judge did not err in finding that the requirements for diversity jurisdiction had not been met. As the Magistrate Judge also correctly noted, because the court dismisses Plaintiff's state law causes of action without prejudice, Plaintiff may pursue these claims in a Court of Common Pleas.

## CONCLUSION

For the foregoing reasons, and adopting in full the recommendation of the Magistrate Judge, it is hereby **ORDERED** that Plaintiff Deborah Sheridan's Complaint is **DISMISSED** without prejudice and without issuance of process.

**AND IT IS SO ORDERED**.

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**October 24, 2006.**